IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-60637
Summary Calendar

TONY TERRELL BUNTON

                              Plaintiff-Appellant

v.

CORRECTIONAL CORPORATION OF AMERICA; JODY BRADLEY,
Superintendent at Delta Correctional Facility; DELTA CORRECTIONAL
FACILITY; UNKNOWN JOHNSON, Facility at Delta Correctional Facility, in
his individual and official capacities; UNKNOWN JONES, Sergeant at Delta
Correctional Facility, in his individual and official capacities; UNKNOWN
MCTIMS, Correctional Officer, in his individual and official capacities;
UNKNOWN NORAL, Lieutenant at Delta Correctional Facility, in his individual
and official capacities; GWEN PORTER, Medical Supervisor at Delta
Correctional Facility, in his individual and official capacities; UNKNOWN
THOMAS, Case Manager at Delta Correctional Facility, in her individual and
official capacities

                              Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CV-354

Before BARKSDALE, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Tony Bunton, Mississippi prisoner # R5106, moves to proceed in forma pauperis (IFP) to appeal the summary judgment dismissal of his 42 U.S.C. § 1983 suit.  Bunton argues that (1) he was injured as a result of being housed under constitutionally inadequate prison conditions when he slipped in a puddle caused by a roof leak and (2) he received constitutionally inadequate medical care for his injury.  By moving for leave to proceed IFP, Bunton is challenging the district court's certification that his appeal was not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Bunton, however, has not shown that the district court's summary judgment dismissal presents a nonfrivolous issue.  The summary judgment evidence did not objectively establish that Bunton's prison conditions were inhumane or constituted an "extreme deprivation of any minimal civilized measure of life's necessities."  See Gates v. Cook, 376 F.3d 323, 332 (5th Cir. 2004) (internal quotation marks and citation omitted).  Even if it is assumed arguendo that the leaking roof constituted a condition that posed a substantial risk of serious harm to Bunton, the evidence established that the defendants took reasonable remedial measures and, thus, did not act with deliberate indifference.  See Farmer v. Brennan, 511 U.S. 825, 847 (1994).  Bunton's prison conditions did not, as a matter of law, rise to the level of inhumane treatment such that his Eighth Amendment rights were violated.

Bunton's contention that his injury was met with deliberate indifference and constitutionally inadequate medical care is refuted by evidence that his medical complaints were not ignored, he was seen by members the medical staff on numerous occasions, and he was treated for those complaints with various medications.  See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).  Bunton's allegations that the pain medication he was given was inadequate and that he should have received a bone scan to better diagnose his injury are merely disagreements over the type of care provided, which are not actionable under § 1983.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir.

1991).  The summary judgment evidence establishes that Bunton's medical care also was not violative of the Eighth Amendment.

In light of the foregoing, Bunton's appeal is without arguable merit and is dismissed.  Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  Our dismissal of Bunton's appeal counts as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Bunton previously earned one strike in Bunton v. Hinds County Sheriff's Dep't, No. 3:01-CV-684 (S.D. Miss. Feb. 20, 2003).  Bunton is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.